# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GARCIA,<br><br>          Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN,<br>ACTING COMMISSIONER OF<br>SOCIAL SECURITY<br>ADMINISTRATION,[1]<br><br>          Defendant. | Case No. SA CV 13-0544 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

David Garcia ("Plaintiff") challenges the Social Security Commissioner's ("Defendant") decision denying his application for disability benefits. Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") improperly rejected the opinion of his treating physician, Dr. Israel Rotterman. (Joint Stip. at 3-10, 12.) The Court agrees with Plaintiff for the reasons stated below.

    A.    <u>An ALJ Must Provide Specific and Legitimate Reasons to Reject the Contradicted Opinion of a Treating Physician</u>

"As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Lester v.*

---

[1] Carolyn W. Colvin is substituted as the proper defendant herein. *See* Fed. R. Civ. P. 25(d).

*Chater*, 81 F.3d 821, 830 (9th Cir. 1995); *accord Benton ex. rel. Benton v. Barnhart*, 331 F.3d 1030, 1036 (9th Cir. 2003). This is so because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987).

Where the "treating doctor's opinion is contradicted by another doctor, the [ALJ] may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record[.]" *Lester*, 81 F.3d at 830 (internal quotation marks and citation omitted). The ALJ can meet the requisite specific and legitimate standard "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal quotation marks and citation omitted).

      B.    <u>The ALJ Failed to Provide Specific and Legitimate Reasons for Rejecting Dr. Rotterman's Treating Opinion</u>

Here, the ALJ provided two reasons for rejecting Dr. Rotterman's treating opinion. (*See* Administrative Record ("AR") at 30.) The Court addresses, and rejects, both below.

First, to the extent the ALJ rejected Dr. Rotterman's opinion for "insufficient objective support," (*id.* at 30), his assessment is impermissibly broad and conclusory, and "does not achieve the level of specificity" required to reject the opinion of a treating physician. *See Embry v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988); *Rodriguez v. Bowen*, 876 F.2d 759, 762 (9th Cir. 1989) ("Merely to state that a medical opinion is not supported by enough objective findings does not achieve the level of specificity our prior cases have required . . .") (internal quotation marks and citation omitted).

Further, Dr. Rotterman's opinion *does* appear to have objective support. He performed multiple physical exams on Plaintiff. (AR at 383, 386-91, 400, 409, 418, 426, 445, 463, 476, 488.) He conducted x-rays, MRIs, and impingement tests. (*Id.* at

366, 382, 456, 472, 483, 484.)  Dr. Rotterman also documented objective limitations regarding the range of motion in Plaintiff's right shoulder.  (*Id.* at 387.)  Accordingly, the ALJ's first reason for rejecting Dr. Rotterman's opinion fails on this record.

Second, the ALJ found that Dr. Rotterman's records provide "no function-by-function determination with regard to [Plaintiff's] residual functional capacity."  (AR at 30.)  But "the primary function of medical records is to promote communication and recordkeeping for health care personnel-not to provide evidence for disability determinations."  *Orn v. Astrue*, 495 F.3d 625, 634 (9th Cir. 2007).  Thus, one would not expect medical records to routinely discuss any issue that is irrelevant to diagnosis and treatment.  Further, the ALJ provides no reason for disregarding those aspects of Dr. Rotterman's opinion that *do* bear on Plaintiff's residual functional capacity, including rotational limitations and positive impingement signs.  (*See* AR at 272, 387, 445.)  Therefore, as to this second reason, the ALJ's credibility determination is likewise insufficient.[2]

Accordingly, for the reasons stated above, the Court determines that the ALJ improperly discredited the opinion of Plaintiff's treating physician.  The Court thus determines that the ALJ's decision is not supported by substantial evidence.  *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).

C.   Remand is Warranted

With error established, this Court has discretion to remand or reverse and award benefits.  *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).  Where no

---

[2]  The Court also notes that the ALJ's reliance on the non-examining medical expert does not justify the rejection of Plaintiff's treating physician or save the decision from legal error. (*See* AR at 31; *Lester*, 81 F.3d at 831 ("[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of [] a treating physician."); *Erickson v. Shalala*, 9 F.3d 813, 818 n.7 (9th Cir. 1993) ("the non-examining physicians' conclusion, *with nothing more*, does not constitute substantial evidence[]") (internal quotation marks, brackets and citation omitted) (italics in original)).

1  useful purpose would be served by further proceedings, or where the record has been
2  fully developed, it is appropriate to exercise this discretion to direct an immediate
3  award of benefits.  *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004).
4  But where there are outstanding issues that must be resolved before a determination
5  can be made, or it is not clear from the record that the ALJ would be required to find
6  plaintiff disabled if all the evidence were properly evaluated, remand is appropriate.
7  *See id.* at 594.

      Here, in light of the ALJ's error, the credibility of Plaintiff's treating physician must be properly assessed.  Therefore, on remand, the ALJ shall reevaluate the opinion of Dr. Rotterman and either credit it as true, or provide valid reasons for any portion that is rejected.

      Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.

Dated: December 18, 2013

_____
Hon. Jay C. Gandhi
United States Magistrate Judge